IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MILTON ALVARADO BENAVIDEZ, ) | CASE NO. 4:07 CV 3334 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| PATRICIA STANSBERRY, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On October 22, 2007, pro se plaintiff Milton Alvarado Benavidez filed this Bivens[1] action in the United States District Court for the Eastern District of Virginia against Petersburg Federal Correctional Complex ("FCC Petersburg") Warden Patricia Stansberry, FCC Petersburg Physicians Dr. Sushini and Dr. Shah, FCC Petersburg Medical Director Ed Ong, FCC Petersburg Medical Records Personnel M. Kozar and R. Glass, the United States Marshal Service, the Youngstown Reception Center (aka the Northeast Ohio Correctional Center, hereinafter referred to as "NEOCC"), NEOCC Medical Director John Doe, NEOCC Nurse J. Arctic, and NEOCC Nurse Arthur. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. The District Court for the Eastern District of Virginia screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed the United States Marshal Service and all of the defendants at FCC Petersburg. The court concluded it lacked jurisdiction over the claims asserted against the NEOCC defendants and transferred the case against the remaining defendants to this Court.

On January 2, 2008, this Court issued an order dismissing NEOCC from the case and permitting Plaintiff's action to proceed solely on plaintiff's claims against NEOCC Medical Director John Doe, NEOCC Nurse J. Arctic, and NEOCC Nurse Arthur. ECF Dkt. # 7 at 3-4. The Court noted that, although these individuals remain as defendants in this action, plaintiff had not provided

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While Plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

summonses nor U.S. Marshal forms for either of these individuals. The Court, therefore, ordered plaintiff to provide two summonses and a U.S. Marshal form for each of these defendants within thirty (30) days of January 2, 2008. Plaintiff was further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms.

To date, Plaintiff has failed to file a Notice of Compliance. Therefore, all remaining claims are hereby DISMISSED.

IT IS SO ORDERED.

**S/ Peter C. Economus - 2/11/2008**
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE